JAS. A. WILLIAMS, *Appellant*, v. R. J. DANSON *et al.,*
*Respondents.*[1]

[1] PARTNERSHIP (83)—DISSOLUTION—EFFECT OF DISSOLUTION—CON-
TRACT.  Where, on the dissolution of law firm, it was agreed that
unfinished business should be completed by the members spe-
cially handling the matters and the fees divided as theretofore,
a member of the firm is not entitled to a stated sum monthly
which he had been drawing before any division of earnings to
the other partners; since that was not covered in the dissolu-
tion agreement, and terminated with the copartnership.

Appeal from a judgment of the superior court for
Spokane county, Webster, J., entered April 20, 1927,
upon findings in favor of defendants, in an action for
a partnership accounting, tried to the court.  Affirmed.

*Williams & Cornelius,* for appellant.
*Danson, Lowe & Danson,* for respondents.

FULLERTON, J.—On and prior to July 1, 1924, the
appellant, Williams, and the respondents, Danson,
Danson and Lowe, were engaged in the practice of the
law as partners.  On the specific date given, Mr. Wil-
liams withdrew from the firm, and entered into the
practice on his own account.  The remaining partners
formed a new partnership among themselves, and also
continued in the practice.

The law firm had long enjoyed a large and lucrative
business, and there was, at the time of the dissolution,
much unfinished legal business in which the firm was
employed as attorneys.  There were causes pending in
the different trial courts awaiting trial, and causes
which had passed that stage and were pending in courts
of appeal.  The controversy here involved arises over

[1]Reported in 262 Pac. 980.

the question, who is entitled to the fees earned and collected in the prosecution of these pending causes.

The agreement of dissolution was oral, and while the parties agree in the main as to its terms, there is a dispute as to some of its particulars. It is not disputed that it was the understanding of the parties that, where no other consideration intervened, the unfinished business of the firm should be prosecuted to a conclusion by that member of the firm who then had the matter specially in charge, and that, when the particular business was concluded and the fees collected, the fees should be divided between the parties in the same ratio fees were divided while the old partnership was a going concern.

It is the contention of the appellant that, while the agreement applied to the business in general, there was an exception to the effect that where a client expressed a preference as to which of the parties should take charge of his business, or where he directed that one party or the other take charge of it, then the party selected should be entitled to the fees earned in its prosecution. This part of the agreement is disputed by the other parties, and the trial court, after hearing the testimony, found the facts in their favor. The conclusion being adverse to the contention of the appellant, he has brought the controversy into this court.

But notwithstanding there is a large record and somewhat extensive briefs, we do not feel that the question involved requires extended discussion. It is largely a question of fact, on which the trial court's conclusion is binding upon us, unless we can say that the finding is against the preponderance of the evidence. While there is much in the record concerning the transactions of the parties, both before and subsequent to the agreement of dissolution, we are unable to see that they support the contentions of the one

party more than they do the other. Some of the clients did, in answer to an inquiry of the appellant, express a desire that he continue in the prosecution of certain of the causes in which they were interested. But the expression was nothing more than a mere consent. There was no release of the obligation of the other parties to see that the causes were prosecuted with reasonable skill and diligence. Nor were the respondents inconsistent in their attitude. In all of the cases that fell to their share, they accounted to the appellant for the fees received. Our conclusion is, therefore, that the evidence does not preponderate against the finding of the trial court.

[1] It appears that, under the original partnership, the appellant was permitted to draw from the earnings of the firm, monthly, a stated sum, before any division of the earnings was made between the partners, and based on this fact the appellant contends that he was entitled to a greater share of the earnings received for unfinished business than he was allowed by the trial court. But this was an allowance he was entitled to take while the partnership was a going concern. His right to it ceased on the dissolution. The rights of the parties to the subsequent fees depended wholly upon the agreement entered into at the time, and the agreement did not take the matter into account.

The appellant points out many inaccuracies in the court's findings, but, as we view the record, they are wholly immaterial, in so far as the result reached is concerned. On the principal questions involved, the findings are in accord with the facts and justify the judgment entered.

The judgment will stand affirmed.

MACKINTOSH, C. J., MAIN, ASKREN, and HOLCOMB, JJ., concur.